UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

JESSIE E. JONES #260563,

                 Plaintiff,                 Case No. 2:08-cv-233

v.                                      Honorable R. Allan Edgar

MARY BONEVELLE,

                 Defendant.

_____/

## OPINION

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee.  Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

        Plaintiff Jessie E. Jones #260563, an inmate at the Alger Maximum Correctional Facility (LMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Hearing Investigator Mary Bonevelle.  Plaintiff alleges in his complaint that on July 2, 2008,

Defendant retaliated against Plaintiff for filing grievances and litigation against her by stealing Plaintiff's legal documents, including his criminal habeas corpus action, a summary judgment motion, exhibits for an administrative proceeding, and a class action under 42 U.S.C. § 1983. These documents were never returned. Plaintiff states that Defendant failed to issue a contraband removal record in conjunction with a Notice of Intent. Plaintiff claims that Inmate Fields observed this conduct and that Defendant told him to shut up and mind his own business, or he would receive a misconduct ticket. Plaintiff repeatedly kited Defendant for the return of his legal documents, to no avail. Plaintiff seeks compensatory and punitive damages, as well as injunctive relief.

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Initially the Court notes that Plaintiff's due process claim is barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part* by *Daniels v. Williams*, 474 U.S. 327 (1986). Under *Parratt*, a person deprived of property by a "random and unauthorized act" of a state employee has no federal due-process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, although real,

- 2 -

is not "without due process of law." *Parratt*, 451 U.S. at 537. This rule applies to both negligent and intentional deprivation of property, as long as the deprivation was not done pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984); *Mitchell v. Fankhauser*, 375 F.3d 477, 483-84 (6th Cir. 2004). Because Plaintiff's claim is premised upon allegedly unauthorized negligent acts of a state official, he must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479-480 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). Under settled Sixth Circuit authority, a prisoner's failure to sustain this burden requires dismissal of his § 1983 due-process action. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Plaintiff has not sustained his burden in this case. Plaintiff has not alleged that state post-deprivation remedies are inadequate. Moreover, numerous state post-deprivation remedies are available to him. First, a prisoner who incurs a loss through no fault of his own may petition the institution's Prisoner Benefit Fund for compensation. MICH. DEP'T OF CORR., Policy Directive 04.07.112 ¶ II(B) (effective Sept. 24, 1998). Aggrieved prisoners may also submit claims for property loss of less than $1,000 to the State Administrative Board. MICH. COMP. LAWS § 600.6419; Policy Directive, 04.07.112 ¶ II(B). Alternatively, Michigan law authorizes actions in the Court of Claims asserting tort or contract claims "against the state and any of its departments, commissions, boards, institutions, arms, or agencies." MICH. COMP. LAWS § 600.6419(1)(a); *see Green v. State Corrections Dep't*, 192 N.W.2d 491 (Mich. 1971) (state liable for tortuous injury sustained by a sentenced convict at the Detroit House of Correction). The Sixth Circuit has specifically held that Michigan provides adequate post-deprivation remedies for deprivation of property. *See Copeland*,

- 3 -

57 F.3d at 480.  Plaintiff does not allege any reason why a state-court action would not afford him complete relief for the deprivation, either negligent or intentional, of his personal property.

Plaintiff also alleges that Defendant took his legal documents in retaliation for his having filed grievances and litigation.  He alleges nothing more regarding retaliation.  It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence.  *See Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987); *Vega v. DeRobertis*, 598 F. Supp. 501, 506 (N.D. Ill. 1984), *aff'd*, 774 F.2d 1167 (7th Cir. 1985).  The Sixth Circuit has held that a claim of retaliation brought by a prisoner under § 1983 must be analyzed under the Fourteenth Amendment principles of substantive due process.  *McLaurin v. Cole*, 115 F.3d 408, 410 (6th Cir. 1997); *Cale v. Johnson*, 861 F.2d 943 (6th Cir. 1988).

Claims of retaliation "are especially prone to abuse.  It is easy for a prisoner to allege bad motive and thereby embroil prison officials in protracted yet groundless litigation." *DeRobertis*, 598 F. Supp. at 506.  "Merely alleging the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108.  Conclusory allegations of retaliatory motive "with no concrete and relevant particulars" fail to raise a genuine issue of fact for trial.  *Salstrom v. Sumner*, No. 91-15689, 1992 WL 72881, at * 1 (9th Cir. Apr. 10, 1992); *see also Birdo v. Lewis*, No. 95-5693, 1996 WL 132148, at *1 (6th Cir. Mar. 21, 1996); *Fields v. Powell*, No. 94-1674, 1995 WL 35628, at *2 (6th Cir. Jan. 30, 1995); *Williams v. Bates*, No. 93-2045, 1994 WL 677670, at *3 (6th Cir. Dec. 2, 1994).  Plaintiff's allegation that Defendant acted in retaliation for Plaintiff filing grievances is patently conclusory and unsupported by any specific allegations.

Finally, Plaintiff's complaint could be construed as asserting a First Amendment access to courts claim.  In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court recognized a

- 4 -

prisoner's fundamental right of access to the courts.  While the right of access to the courts does not

allow a State to prevent an inmate from bringing a grievance to court, it also does not require the

State to enable a prisoner to discover grievances or litigate effectively.  *Lewis v. Casey*, 518 U.S. 343

(1996).  Thus, *Bounds* did not create an abstract, free-standing right to a law library, litigation tools,

or legal assistance.  *Id.* at 351 (1996).  Further, the right may be limited by legitimate penological

goals, such as maintaining security and preventing fire or sanitation hazards.  *See Acord v. Brown*,

No. 91-1865, 1992 WL 58975 (6th Cir. March 26, 1992); *Hadix v. Johnson*, No. 86-1701, 1988 WL

24204 (6th Cir. March 17, 1988); *Wagner v. Rees*, No. 85-5637, 1985 WL 14025 (6th Cir. Nov. 8,

1985).

　　　　To state a claim, an inmate must show that any shortcomings in the library, litigation

tools, or legal assistance caused actual injury in his pursuit of a legal claim.  *Lewis*, 518 U.S. at 351;

*Talley-Bey*, 168 F.3d at 886; *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996); *Pilgrim v. Littlefield*,

92 F.3d 413, 416 (6th Cir. 1996); *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985).  An inmate

must make a specific claim that he was adversely affected or that the litigation was prejudiced.

*Vandiver v. Niemi*, No. 94-1642, 1994 WL 677685, at *1 (6th Cir. Dec. 2, 1994).  Particularly, an

inmate cannot show injury when he still has access to his legal materials by request, *Kensu*, 87 F.3d

at 175, when he fails to state how he is unable to replicate the confiscated documents, *Vandiver*,

1994 WL 677685, at *1, or when he could have received the material by complying with the limits

on property, e.g., where he had the opportunity to select the items that he wanted to keep in his cell,

or when he had an opportunity to purchase a new footlocker that could hold the property.  *Carlton*

*v. Fassbender*, No. 93-1116, 1993 WL 241459, at *2 (6th Cir. July 1, 1993).  In this case, Plaintiff

fails to state that any pending case was dismissed or that he was otherwise damaged by Defendant's conduct.

Having conducted the review now required by the Prison Litigation Reform Act, the Court concludes that Plaintiff's complaint should be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the court dismisses this case, the court discerns no good-faith basis for an appeal. Should the plaintiff appeal this decision, the court will assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum.

A judgment consistent with this Opinion will issue.


Dated:   10/21/08                          */s/ R. Allan Edgar*
                                           R. Allan Edgar
                                           United States District Judge